# In the United States Court of Federal Claims

(Pro Se)

| | |
|---|---|
| RANDALL JENNETTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 22-230T |
| v. | ) (Filed: September 6, 2022) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

Randall Jennette, Pro Se, Mercer, PA.

Andi M. Leuszler, Attorney of Record, U.S. Department of Justice, Tax Division, Court of Federal Claims Section, Washington, DC, with whom were David I. Pincus, Chief, Court of Federal Claims Section, and David A. Hubbert, Deputy Assistant Attorney General, for Defendant.

**OPINION AND ORDER**

**KAPLAN, Chief Judge.**

Randall Jennette, proceeding pro se, filed this action to challenge a $5,000 penalty the Internal Revenue Service ("IRS") assessed against him for filing a frivolous tax return for tax year 2019. He seeks an order from the Court that "dismisses" the IRS Notice that assessed that penalty. See Compl., Docket No. 1; see also id. Ex. A ("Notice of Penalty Charge"), Docket No. 1-2.[1]

The government has filed a motion to dismiss Mr. Jennette's complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), based on lack of subject-matter jurisdiction. See Def.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Def.'s Mot."), Docket No. 10. For the reasons set forth below, the government's motion is **GRANTED**, and Mr. Jennette's complaint is **DISMISSED**.

---

[1] Mr. Jennette attached a document to his complaint on which he marked by hand several exhibits. See Docket No. 1-2. The Court cites these exhibits separately.

## BACKGROUND

When Mr. Jennette filed his 2019 tax return, he apparently reported billions of dollars in income that he claimed he was entitled to recover from the Commonwealth of Pennsylvania in connection with civil actions he had filed against it in state court, among other things. See Compl.; see also id. Ex. C ("Request for Default Judgement"), Docket No. 1-2; id. Ex. D ("Agreement"), Docket No. 1-2.[2] On February 14, 2022, the IRS assessed a $5,000 penalty against Mr. Jennette under Internal Revenue Code ("I.R.C.") § 6702(a) for filing a frivolous tax return. See Notice of Penalty Charge; see also Def.'s Mot. Ex. 1 ("Form 8278"), Docket No. 10-1. On February 25, 2022, Mr. Jennette filed his complaint asking this Court to "dismiss[]" the penalty. See Compl.[3] He argues that his 2019 tax return was not frivolous because a request for a default judgment he filed in state court and an alleged contract with Pennsylvania represent valid sources of reportable income. See id.

The government moved to dismiss Mr. Jennette's claim for lack of subject-matter jurisdiction on May 2, 2022. Def.'s Mot. It argued that (1) Mr. Jennette has not met the "full payment rule," which grants this court jurisdiction over a 26 U.S.C. § 6702 penalty protest only after the plaintiff has paid the penalty in full; (2) Mr. Jennette's request for equitable relief is outside of the court's jurisdiction; and (3) the court cannot enforce Mr. Jennette's alleged contract with Pennsylvania. Id. at 5–10. The government attached to its motion Mr. Jennette's IRS account transcript for the 2019 tax year, which shows that Mr. Jennette had not paid the $5,000 penalty as of April 25, 2022. See id. Ex. 2 ("Account Transcript"), Docket No. 10-2.

Mr. Jennette responded to the government's motion to dismiss on May 17, 2022. See Pl.'s Objs. to Def.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Pl.'s Resp."),

---

[2] In 2013, Mr. Jennette asked a Pennsylvania court to enter default judgment in the amount of $77,022,000,000 against the Office of Attorney General Lynn Kelly. See Request for Default Judgment. Then, in 2019, Mr. Jennette appears to have sent what he characterized as a "self-executing contract" to Pennsylvania's Treasury Department purportedly entitling him to at least $1,000,000,000 for his alleged unlawful imprisonment in a Pennsylvania correctional facility. See Agreement. Mr. Jennette is the only party to sign these documents. See id.; Request for Default Judgment.

[3] Initially, Mr. Jennette neither signed his complaint nor paid the court's filing fee. See Notice of Filing Fee Due, Docket No. 4; Order at 1, Docket No. 6. The Court noted that Mr. Jennette has previously filed at least three frivolous claims while incarcerated and directed him to pay the court's filing fee in full before commencing his action. Order at 2; see 28 U.S.C. § 1915(g). The Court received his payment on March 25, 2022. See Notice of Payment of Filing Fee, Docket No. 8. It also directed Mr. Jennette to file a signed complaint pursuant to RCFC 11(a). Order at 1. On April 20, 2022, Mr. Jennette filed a signed document, which requested that the IRS's penalty "be dismissed" and that the Court "issue [an] Order to process plaintiff's return, as is, for tax year ending 12/31/19." Pl.'s Dispositive Mot. ("Dispositive Mot."), Docket No. 9. Although this motion includes different language than the complaint, it reiterates the same points and requests essentially the same relief. See id.; Compl. Therefore, the Court treats the signed motion as sufficient to cure the defect in the complaint.

Docket No. 12. He also filed two additional documents around that time. See Judicial Notice of Adjudicative Facts, Docket No. 11; Judicial Notice of Adjudicated Facts, Docket No. 13.[4] The government replied to Mr. Jennette's response on May 25, 2022. Def.'s Reply in Supp. of Its Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Def.'s Reply"), Docket No. 14.[5]

## DISCUSSION

In assessing a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts all undisputed facts as true and "draw[s] all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court also considers exhibits attached to the pleadings and matters of which it may take judicial notice, Rocky Mountain Helium, LLC v. United States, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (citing RCFC 10(c)), and may "inquire into jurisdictional facts that are disputed," Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). The pleadings of a pro se plaintiff are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, pro se plaintiffs still bear the burden of establishing that the Court has subject-matter jurisdiction. See Trusted Integration, 659 F.3d at 1163. If the Court finds that no jurisdiction exists, it must order dismissal without proceeding further. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998); RCFC 12(h)(3).

---

[4] The Court cannot take judicial notice of Mr. Jennette's assertions in Docket No. 11 because they are "subject to reasonable dispute." Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); see Docket No. 11. Plaintiff contends in the second filing that the government violated RCFC 11(a) by typing, rather than signing by hand, counsel's signature. See Docket No. 13. This contention is meritless because the court's rules expressly permit the use of electronic signatures. See App. E, RCFC, ¶ 19(a) (providing that RCFC 11(a) is satisfied by filing a document "with an 's/[name of Filing User]' typed in the space where the signature would otherwise appear").

[5] The government filed notice on June 8, 2022, that it re-sent a copy of its reply to Mr. Jennette after learning that he had not received the first copy. Notice, Docket No. 15; see also Pl.'s Mot. for Enlargement of Time Ex. A ("Unacceptable Correspondence Form"), Docket No. 16. Around that time, Mr. Jennette moved for a 30-day enlargement of time. Pl.'s Mot. for Enlargement of Time, Docket No. 16. Although it is not clear from the motion, the additional time is apparently to allow Mr. Jennette to receive a copy of the government's reply brief before the Court rules on the government's motion. See id. More than two months have passed since the government re-sent its reply, and the Court has not received notice that it was undelivered. The Court therefore finds that the government has satisfied the requirements for serving filings set forth in RCFC 5. In addition, the Court finds no cause to provide an enlargement of time because the Rules of the Court of Federal Claims do not permit Mr. Jennette to file an additional brief in this matter without leave from the Court. See RCFC 7.2; see also Def.'s Resp. to Mot. for Enlargement of Time, Docket No. 17. The Court will therefore deny Mr. Jennette's motion for an enlargement of time.

Mr. Jennette seeks equitable relief from this Court by asking it to enjoin the IRS from collecting the penalty assessed against him. See Compl. ("[I]t is requested that this Court dismisses defendant's 'Notice of Penalty Charge.'"); see also Dispositive Mot.; Pl.'s Resp. at 4–5. The Court of Federal Claims, however, "does not possess general equity jurisdiction," Roth v. United States, 378 F.3d 1371, 1384 (Fed. Cir. 2004), and it may only afford such relief "as an incident of and collateral to" a monetary judgment, 28 U.S.C. § 1491(a)(2). Moreover, the Anti-Injunction Act bars courts from enjoining the IRS's collection efforts. See Ledford v. United States, 297 F.3d 1378, 1381 (Fed. Cir. 2002) ("26 U.S.C. § 7421 flatly prohibits any suits 'for the purpose of restraining the assessment or collection of any tax . . . in any court by any person.'" (quoting 26 U.S.C. § 7421)). This prohibition extends to the collection of penalties. See Schlabach v. United States, 97 Fed. Cl. 232, 234 n.4 (2011) ("Penalties for frivolous submissions are a 'tax' within the meaning of the Anti–Injunction Act.").

Likewise, to the extent Mr. Jennette asks the Court to order the IRS to process his 2019 tax return with the information that he originally filed, see Dispositive Mot.; Pl.'s Resp. at 4, he again seeks equitable relief that falls beyond the Court's jurisdiction, see I.R.C. § 7421(a); cf. Brown v. United States, 105 F.3d 621, 622, 624 (Fed. Cir. 1997) (finding the plaintiffs' requested relief—ordering the IRS to revoke its levies and liens, correct the plaintiffs' taxpayer status, and notify employers of these corrections—was injunctive and, therefore, outside of the court's jurisdiction).

Even if the Court interpreted Mr. Jennette's complaint not as a request for equitable relief but, rather, as a request for a refund of the penalty amount, it would still lack jurisdiction over his claim. To be sure, the Court of Federal Claims possesses jurisdiction over tax refund suits. See 28 U.S.C. §§ 1346(a)(1), 1491(a)(1). However, a plaintiff must satisfy statutory prerequisites before the Court can exercise its jurisdiction. See Ishler v. United States, 115 Fed. Cl. 530, 534–35 (2014). The plaintiff must pay the full amount of the penalty. See Shore v. United States, 9 F.3d 1524, 1526 (Fed. Cir. 1993) (holding that § 1346(a)(1) imposes a "full payment rule" in tax refund suits); Diamond v. United States, 603 F. App'x 947, 949 (Fed. Cir. 2015) (applying the "full payment rule" to penalty protests). And the plaintiff must file a refund claim with the IRS. See 26 U.S.C. § 7422(a); see also Rogers v. United States, 66 F. App'x 195, 198 (Fed. Cir. 2003) (per curiam) (explaining that the Court of Federal Claims lacks jurisdiction to order the government to refund IRS penalties where the plaintiff has not filed a refund claim with the IRS). Here, the record does not show that Mr. Jennette paid the penalty or filed a refund claim with the IRS. See Account Transcript; Compl. Therefore, the Court lacks subject-matter jurisdiction to adjudicate Mr. Jennette's case as a tax refund claim.

Mr. Jennette also appears to request that the Court enforce an alleged contract with Pennsylvania "to recoup for time served within a state correctional institution." Compl.; see also Pl.'s Resp. at 4–5; Agreement. He contends that the federal government must "be held to be answerable to this . . . contract" and "request[s] that this Court [o]rder settlement, to date upon the terms of the contract." Pl.'s Resp. at 5. The Court of Federal Claims, however, may only adjudicate contract claims between the United States and those with whom it has privity of contract. Cienega Gardens v. United States, 194 F.3d 1231, 1239 (Fed. Cir. 1998); see also 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon . . . any express or implied contract with the United States . . . ." (emphasis

added)). Agreements with states or state officials do not establish privity with the federal government. See Bey v. United States, 153 Fed. Cl. 814, 818–19 (2021) (finding "no coherent allegations" against the United States where plaintiff sued to enforce an arbitration award entered against state officials). Because Mr. Jennette's alleged contract with Pennsylvania does not established privity of contract with the federal government, the Court cannot adjudicate his contract claim. See United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [Court of Federal Claims].").

Mr. Jennette makes several additional assertions, none of which establishes this Court's jurisdiction over his claims. He comments generally that the Constitution prohibits the impairment of contractual obligations, apparently in reference to the Constitution's Contracts Clause. See Compl.; Pl.'s Resp. at 2; see also U.S. Const. art. 1, § 10, cl. 1. But that constitutional provision applies to state laws and "does not apply to acts of the United States." Yankee Atomic Elec. Co. v. United States, 112 F.3d 1569, 1577 (Fed. Cir. 1997). At any rate, Mr. Jennette does not begin to explain how the Contracts Clause applies in this case, see Compl.; Pl.'s Resp. at 2, and, consequently, he has not established a jurisdictional basis for the Court to hear this claim, see Price v. United States, 123 Fed. Cl. 560, 563 (2015) ("[V]ague references to violations of constitutional provisions . . . are insufficient" to establish the United States as a proper defendant.).

To the extent Mr. Jennette contends that he was subjected to a "federal crime" when he was "held unlawfully" in a state correctional facility, see Dispositive Mot. at 1; Agreement, the Court of Federal Claims lacks jurisdiction to hear that claim, see Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994). Mr. Jennette's contention could also be interpreted as a claim sounding in tort, see Dispositive Mot. at 1, which the Court cannot adjudicate, see Keene Corp. v. United States, 508 U.S. 200, 214 (1993) (stating that "tort cases are outside the jurisdiction of the Court of Federal Claims").

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss Mr. Jennette's complaint for lack of subject-matter jurisdiction, Docket No. 10, is **GRANTED**, and the case is **DISMISSED without prejudice**. Mr. Jennette's motion for an enlargement of time, Docket No. 16, is **DENIED**.[6] The Clerk shall enter judgment accordingly.

---

[6] On July 5, 2022, the Court received a filing from Mr. Jennette entitled "Plaintiff's Rebuttal to Reply of the United States Support of Its Motion to Dismiss for Lack of Subject Matter Jurisdiction," which would be a sur-reply to the government's reply. The Rules of this court do not provide for the filing of a sur-reply absent direction from the Court to do so. See RCFC 7.2. Therefore, and in light of the Court's dismissal of the complaint for lack of subject-matter jurisdiction, the Clerk is directed that Plaintiff's submission shall be rejected.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Chief Judge